**Shenan SMITH and Sharon Parrish, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Kimberly PEAY, Plaintiff,**

v.

**UNITED STATES of America and Joseph A. Grimes, Defendants.**

Civ. A. Nos. 90–1021 SSH, 90–2052 SSH.

United States District Court, District of Columbia.

April 30, 1991.

Gerald I. Holtz, Washington, D.C., for Shenan Smith and Sharon Parrish.

Michelle Adrien Parfitt, Ashcraft & Gerel, Washington, D.C., for Kimberly Peay.

James N. Owens, Asst. U.S. Atty., U.S. Atty.'s Office, Washington, D.C., for U.S.

MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the motions of plaintiffs Shenan Smith and Sharon Parrish to amend the complaint in Civil Action No. 90–1021 and the United States' motion for summary judgment in Civil Actions No. 90–1021 and 90–2052. On consideration of the entire record, the Court denies plaintiffs' motion to amend the complaint and grants the United States' motion for summary judgment.

These actions arose out of a motor vehicle accident on September 29, 1989. Defendant Joseph Grimes is a detective sergeant with the Metropolitan Airport Authority. On the date of the accident, Grimes was on temporary detail to the Drug Enforcement Administration (DEA). For that detail, Grimes was given a United States Government vehicle and authorized to drive it to and from work. Grimes completed his tour of duty at 5:00 p.m. on the day before the accident. At approximately 11:00 p.m. that evening, Grimes stopped at the Fraternal Order of Police Lodge at 512 5th Street, N.W., Washington, D.C., where he consumed several drinks. An hour later, Grimes's vehicle collided with another vehicle from behind. The accident occurred near the intersection of Maine Avenue and East Mason Drive. Plaintiff Kimberly Peay was driving the other vehicle, in which plaintiffs Shenan Smith and Sharon Parrish were passengers. United States Park Police Officers Robert Hadlicke and John Malhoyt responded to the scene of the collision. In their official report, the officers noted that Grimes had a strong odor of alcohol on his breath, his speech was slurred, he was unsteady on his feet, and he fumbled with his wallet. The officers administered two breathalyzer tests to Grimes. The tests indicated a blood alcohol level of .223.

On May 2, 1990, plaintiffs Smith and Parrish filed a complaint against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346 *et seq.* Plaintiff Peay filed a separate action against the United States and Grimes on August 23, 1990. On the motion of the United States, the two cases were consolidated before the undersigned. Plaintiffs Smith and Parrish have moved to amend their complaint to add Grimes as a defendant in Civil Action No. 90–1021. The FTCA bars a negligence action against a government employee for alleged negligence while operating a motor vehicle within the scope of the employment. *Id.* § 2679(b).[1] Plaintiffs therefore cannot assert a claim against Grimes under the FTCA. Plaintiffs' claim against Grimes individually would be a pendent state-law negligence claim. To assert such a pendent-party claim, plaintiffs must establish diversity jurisdiction as an independent basis for the claim. *See Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989). Because plaintiff Smith and the putative defendant, Grimes, are both residents of Maryland, the Court would not have diversity jurisdiction over plaintiffs' claim against Grimes. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). For that reason, the Court denies plaintiffs' motion to amend the complaint.

The United States has moved for dismissal or for summary judgment in both actions, on the grounds that Grimes was acting outside the scope of his employment at the time of the accident. In support of its motion, the United States provided the affidavit of Craig E. Richardson, Associate Chief Counsel, DEA. Richardson stated that: (1) Grimes was authorized to use the official government vehicle only for direct travel to and from work, (2) working hours for Grimes were between 9:00 a.m. and 5:00 p.m., (3) Grimes's stop at the Fraternal Order of Police Lodge had no connection to

---

1. Section 2679(b) provides:
   The remedy by suit against the United States ... for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to claim.

his employment with the DEA, and (4) DEA regulations prohibit operating a government vehicle while intoxicated. Richardson further concluded that Grimes was not acting within the scope of his employment at the time of the accident.

In Civil Action No. 90–2052, plaintiff Peay opposed the United States' motion for summary judgment on the grounds that the motion is premature and that plaintiffs should be permitted time within which to conduct discovery. Similarly, plaintiffs Smith and Parrish filed a motion for an extension of time in Civil Action No. 90–1021, citing the need to conduct discovery on the issue whether Grimes was acting within the scope of his employment. Plaintiffs do not suggest what facts further discovery might uncover to produce a genuine issue of material fact. Nor do plaintiffs contest the facts asserted in Richardson's affidavit.[2] The Court will not support a useless round of discovery. On no basis would the Court conclude that drinking and driving after work hours fell within the scope of Grimes's employment with the DEA. Based on the uncontroverted affidavit in support of the motion for summary judgment, the Court finds that no genuine issue of material fact exists. Grimes was not acting within the scope of his employment at the time of the accident in this case. Accordingly, it hereby is

ORDERED, that plaintiffs' motion to amend the complaint in Civil Action No. 90–1021 is denied. It hereby further is

ORDERED, that the motion of the United States for summary judgment is granted. Final judgment shall be entered for the United States in Civil Actions No. 90–1021 and 90–2052. Plaintiff's claim against defendant Grimes in his individual capacity remains pending in Civil Action No. 90–2052.

SO ORDERED.

---

**2.** Plaintiffs protest Richardson's "self-serving" conclusion that Grimes was not acting within the scope of his employment at the time of the accident. Whether Grimes was acting within the scope of his employment at the time of the accident is a legal conclusion. The Court acknowledges that it is not bound by Richardson's opinion on the issue.